**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

KYLE HOWARD, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-16-269-KEW
 )
SHOE SHOW, INC., d/b/a )
Shoe Dept. Encore, a foreign )
corporation, )
 )
 Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Certain Claims Contained in Plaintiff's Second Amended Complaint (Docket Entry #38). On May 24, 2016, Plaintiff commenced this case in the District Court in and for Pittsburg County, Oklahoma with the filing of a document entitled "Complaint for Defamation of Character." Plaintiff acted *pro se* from the outset. On June 20, 2016, Defendant removed the action to this Court on the basis of diversity jurisdiction. On September 29, 2016, this Court conducted a telephonic Scheduling Conference with Plaintiff appearing *pro* se and Defendant appearing through counsel of record. Through the parties' agreement, a Scheduling Order was put in place with a jury trial setting of March 21, 2017. Plaintiff was also granted leave through the Scheduling Order to amend the Complaint.

On October 20, 2017, Plaintiff filed an Amended Complaint (entitled "Second Amended Complaint") alleging (1) gender discrimination/hostile work environment/constructive discharge

under Title VII; (2) retaliation for engaging in protected activity in violation of Title VII; (3) defamation of character under the Securing the Protection of Our Enduring and Established Constitutional Heritage Act ("SPEECH Act"), 28 U.S.C. § 4101, *et seq.*; (4) negligence supervision, retention, and training; and (5) intentional infliction of emotional distress.  On November 22, 2016, Scott F. Brockman entered an appearance on behalf of Plaintiff.

Through the subject Motion, Defendant first contends Plaintiff failed to exhaust his administrative remedies with regard to a gender-based disparate treatment claim in Plaintiff's first cause of action in the Amended Complaint.  On August 21, 2015, Plaintiff filed a Charge of Discrimination with the EEOC, alleging retaliation on the basis of his sex against Defendant.  In the narrative statement on the form, Plaintiff stated that he believed he had "been discriminated against because of my sex (male) and retaliated against because I complained, in violation of Title VII of the 1964 (sic), as amended."  On October 19, 2015, Plaintiff filed a second Charge of Discrimination with the EEOC, alleging retaliation for filing the previous charge with the EEOC.

Title VII claims must be administratively exhausted before being brought in federal court. <u>Shikles v. Sprint/United Mgmt. Co.</u>, 426 F.3d 1304, 1317 (10th Cir. 2005) ("It is well-established that Title VII requires a plaintiff to exhaust his or her

2

administrative remedies before filing suit." (citations omitted)). "Exhaustion of administrative remedies is a 'jurisdictional prerequisite' to suit under Title VII." Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996)(citation omitted). Exhaustion of administrative remedies is central to Title VII's statutory scheme, because it provides the EEOC and state deferral agencies with the first opportunity to investigate discriminatory practices, and enables them to perform their roles of obtaining voluntary compliance and of promoting conciliatory efforts. *See* Patterson v. McLean Credit Union, 491 U.S. 164, 180-181 (1989).

Filing a charge of discrimination with the EEOC is a jurisdictional prerequisite to the institution of a lawsuit based on a claim of employment discrimination under Title VII. *See* Alcivar v. Wynne, 268 Fed.Appx. 749, 753 (10th Cir. 2008)("The Tenth Circuit has consistently held that 'exhaustion . . . is a jurisdictional prerequisite to suit under Title VII—not merely a condition precedent to suit.' ")(quoting Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005)); Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996)("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII."). Without such a filing, federal courts lack subject-matter jurisdiction to entertain discrimination claims under that statutes. *See* Faragalla v. Douglas County Sch. Dist. RE 1, 2011 WL 94540, at 16 (10th Cir.)("We conclude the district court did not

3

err in dismissing Ms. Faragalla's Title VII claim against DCFCE for lack of subject matter jurisdiction based on her failure to exhaust administrative remedies.").

"A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." MacKenzie v. City & County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). "We liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim." Jones v. United Parcel Serv., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007). "This more lenient pleading standard contemplates the fact that administrative charges of unlawful employment practices are regularly filled out by employees who do not have the benefit of counsel." Mitchell v. City and County of Denver, 112 Fed.Appx. 662, 667 (10th Cir. 2004). "[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." Jones v. United Parcel Serv., Inc., 502 F.3d at 1186.

It is not entirely clear from the Amended Complaint whether Plaintiff intended to bring a claim for disparate treatment. To the extent that he did so intend, he did not set forth with sufficient clarity or particularity in the facts of the two charges he filed with the EEOC to establish such a claim for investigation by that entity. As a result, he did not exhaust his administrative

remedies such that this Court possesses the necessary subject matter jurisdiction over a disparate treatment claim. Plaintiff's charges do establish claims under Title VII for sexual harassment, hostile work environment, and retaliation on the basis of gender and for exercising his rights by filing a charge with the EEOC. The case will proceed on these claims.

Defendant next asserts Plaintiff's claim for defamation under the SPEECH Act fails to meet the plausibility standard enunciated in United States Supreme Court cases of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Plaintiff concedes that he does not have a valid claim under the SPEECH Act. However, he also seeks leave to amend and assert a claim for intentional interference with prospective business advantage based upon the facts set forth in the Amended Complaint.

When an amendment is sought after a Scheduling Order has been entered in a case, the Tenth Circuit requires that a party not only satisfy the requirements for amendment contained in Fed. R. Civ. P. 15(a), but also the "good cause" requirement of Fed. R. Civ. P. 16(b)(4). <u>Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n</u>, 771 F.3d 1230, 1240-41 (10th Cir. 2014). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Tenth Circuit established that "[i]n practice, this standard requires the movant to show the 'scheduling

5

deadlines cannot be met despite [the movant's] diligent efforts.'" Id. at 1240 citing Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D.Colo. 2001)(quotations omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. Id. at 668-69. If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred." Id. at 1240 citing Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006); Federal Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987).

Plaintiff has failed to establish "good cause" for allowing further amendment of the Complaint after the entry of the Scheduling Order on September 29, 2016. Plaintiff took advantage of the deadline to amend the pleadings set forth in that Order with the filing of the Amended Complaint. Nothing in the record indicates that Plaintiff was not aware of the facts supporting an additional claim for intentional interference with prospective economic advantage at the time of the filing of the Amended Complaint. Indeed, Plaintiff now seeks to amend to add this claim based upon the facts existing in the Amended Complaint. With the lack of a showing of "good cause", further amendment will not be permitted.

Defendant also seeks dismissal of Plaintiff's claim for intentional infliction of emotional distress, challenging the

sufficiency of the facts to support such a claim set forth in the Amended Complaint. Plaintiff concedes that this claim should be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Certain Claims Contained in Plaintiff's Second Amended Complaint (Docket Entry #38) is hereby **GRANTED**. As a result, Plaintiff's claim under Title VII alleging disparate treatment, to the extent it is asserted, defamation under the SPEECH Act, and intentional infliction of emotional distress are hereby **DISMISSED**. Plaintiff's request for leave to amend the Amended Complaint to add a claim for intentional interference with prospective business advantage is **DENIED**.

IT IS SO ORDERED this 18th day of January, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE